925 F.2d 1463
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert K. ENGLEHART, Plaintiff-Appellant,
v.
W. Don READER, Judge, Court of Common Pleas, Division of
Domestic Relations, Julie Edwards, Judge, Court of Common
Pleas, Division of Domestic Relations, James James, Referee,
Court of Common Pleas, Division of Domestic Relations, James
R. Brandon, Amerman, Burt & Jones Company, LPA, Judith A.
Lescallett, Supreme Court of Ohio, Thomas J. Moyer, Chief
Justice, Supreme Court of Ohio, A. William, Sweeny, Justice,
Supreme Court of Ohio, Robert E. Holmes, Justice, Supreme
Court of Ohio, Andy Douglas, Justice, Supreme Court of Ohio,
J. Craig Wright, Justice, Supreme Court of Ohio, Herbert R.
Brown, Justice, Supreme Court of Ohio, Alice R. Resnick,
Justice, Supreme Court of Ohio, Anthony J. Celebrezze, Jr.,
Attorney General, Defendants-Appellees.
 No. 90-3717.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 1
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Ohio plaintiff appeals the district court's order dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, injunctive and declaratory relief, Robert K. Englehart claimed that defendants deprived him of due process and equal protection in violation of the fifth and fourteenth amendments. Defendants included two judges from the Cuyahoga County Court of Common Pleas, a domestic relations referee, an attorney, the attorney's law firm and all its associates and partners, Englehart's former wife, the Ohio Supreme Court and its individual justices, and the Ohio Attorney General. All except the state attorney general and Englehart's former wife were sued in their individual and official capacities.
 
 
 4
 Englehart essentially expressed dissatisfaction with the enforcement and modification of custody and support orders arising from divorce proceedings in state court. He challenged the validity of state support guidelines and the authority of the Ohio Supreme Court to promulgate the guidelines.
 
 
 5
 The district court determined that claims against the Ohio Supreme Court and the attorney general were barred by the eleventh amendment, that state court officials were entitled to immunity for their judicial or quasi-judicial acts and that the attorney, his law firm, and Englehart's former wife are not persons for purposes of Sec. 1983. The district court further noted that the federal court should properly abstain when state court proceedings are pending. The action was dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for the failure to state a claim upon which relief can be granted.
 
 
 6
 Upon review, we conclude that dismissal was proper. The district court properly abstained from addressing some claims and, as to the others, it appears beyond doubt that Englehart can prove no set of facts in support of his claims that would entitle him to the relief he seeks. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990).
 
 
 7
 However, as any claims with respect to which the district court abstained should have been dismisssed without prejudice, since that was not a determination on the merits, this cause must be remanded for correction of the order of dismissal in that regard.
 
 
 8
 Accordingly, the order of dismissal is affirmed in part and reversed in part, and this cause is remanded to the district court. Rule 9(b)(5); Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation